### HAYES et al. v. LUCKENBACH S. S. CO. et al.

### THE LUCKY STAR.

### No. 1601.

United States District Court
D. Massachusetts.

June 12, 1950.

Henry Wise, Boston, Mass., for libellants.

Bingham, Dana & Gould and Seymour P. Edgerton, all of Boston, Mass., for Boston Tow Boat Co. and Mass. Trustees of Eastern Gas & Fuel Associates.

Thomas H. Walsh, Boston, Mass., for Luckenbach S. S. Co., respondents.

McCARTHY, District Judge.

The libellants here are the Captain and members of the crew of the trawler Lucky Star. The three respondents are respectively (1) Luckenbach Steamship Company, agent of the Steamship Lynchburg Victory; (2) Massachusetts Trustees of Eastern Gas and Fuel Associates, owners of the tugs Ares and Saturn; and (3) Boston Tow Boat Company, alleged to have operated both of the aforementioned tugs "under charter or otherwise".

The libel alleges that on January 19, 1946, the Lucky Star was lying made fast at a usual and proper berth at the Boston Fish Pier; that the Lynchburg Victory, while being towed and otherwise assisted by the Ares and Saturn, in their conjoint maneuvering struck the Lucky Star on her starboard side and crushed her against the Fish Pier, causing serious damage to the Lucky Star. There were no personal injuries alleged as a result of the collision.[1]

The damages alleged to have been suffered by the libellants are a loss of wages on "at least three fishing trips", which they would have made "in ordinary course" but for the collision.

There is no allegation in the libel that the libellants had any interest in the Lucky Star other than an opportunity for work aboard her or that there was any contract of employment between the libellants and the owner of the Lucky Star.

All three respondents have filed exceptions to the libel on the ground that the facts averred in the libel are insufficient to and do not constitute a cause of action against the respondent within the admiralty and maritime jurisdiction of the court.

The respondent Luckenbach Steamship Company also excepts on the ground that it was a general agent for the United States of America and did not own, operate or control the Lynchburg Victory at the time alleged.

This court is of opinion that the libel does not state a cause of action against the respondents. Even if the libel had alleged a contractual relationship between the libel-

---

1. It appears to be conceded that no one was aboard the Lucky Star at the time of the collision.

lants and the owner of the Lucky Star, the libellants would have no right of action against a tort-feasor who had damaged the trawler, such conduct being negligent but not intentional, and who had thereby deprived them of an opportunity to profit by the contract. Robins Dry Dock & Repair Co. v. Flint, 275 U.S. 303, 48 S.Ct. 134, 72 L.Ed. 290.

The libellants rely to a great extent upon Van Camp Sea Food Co. v. DiLeva, 9 Cir., 171 F.2d 454, 455, which involved a libel for loss of earnings due to lay-up of a vessel from a collision caused by negligent operation of another vessel, also owned and operated by the libellants' employer and in the course of the opinion the Court of Appeals (per Denman, Chief Judge) alluded to a set of facts such as are found in the instant case: "More particularly, (appellant's) contention is that if the Gloria R had been owned by some third party, the appellant, as owner of the Bessemer, would have had the *sole right* to sue the Gloria R's owner for the Gloria R's wrongdoing. This latter contention respecting separately owned vessels is the law of this circuit and generally of the admiralty as stated by this court in a case relied upon by appellant, United States v. Laflin, 9 Cir., 24 F.2d 683, 685, reported also as The Lydia, 1928 A.M.C. 700, and cases therein cited." (Emphasis added.)

The issues raised by these exceptions in no way involve the question whether or not the owners of the Lucky Star might have recovered against any or all of these respondents, or if so, whether the owners might have recovered not only for their own loss of use as owners, but also for any loss of wages or the like suffered by the Captain and members of the crew. See Taber v. Jenny, 23 Fed.Cas. page 605, No. 13,720; Baxter v. Rodman, 3 Pick., Mass., 435; United States v. Laflin, 9 Cir., 24 F.2d 683; Agwilines, Inc. v. Eagle Oil & Shipping Co., 2 Cir., 153 F.2d 869. The precise question before the court is solely whether the Captain and members of the crew, in their own names and in their own right, can recover against the respondents, absent any greater interest in the Lucky Star by the libellants than is alleged in their libel. The court concludes that they cannot.

Exceptions to libel sustained and the libel dismissed.