176

HAYES et al. v. The LUCKY STAR et al.

No. 51–82.

United States District Court
D. Massachusetts.

March 28, 1952.

Henry Wise, Boston, Mass., for petitioners.

John F. Groden (of Withington, Cross, Park & McCann), all of Boston, Mass., for respondents.

SWEENEY, Chief Judge.

The libellants seek to recover for loss of earnings occasioned by a collision between the libeled vessel and the Lynchburg Victory. They base their right to recover on two grounds, either that the owners of the Lucky Star in settling with the Lynchburg Victory obtained, as an element of damages, the damages which the libellants herein suffered and that that money should be paid to the libellants, or on the theory that if they did not receive such damages they should have included it in their settlement with the Lynchburg Victory and are therefore liable to these libellants.

Exceptions to the libel have been filed and must be sustained. The facts are that these libellants were to ship as members of the crew of the libeled vessel on January 19, 1946. Before they came aboard on that same day and while the libeled vessel was moored it was in collision with a ship, the Lynchburg Victory, owned by the United States Government, causing substantial damage. This damage prevented the Lucky Star from proceeding to the fishing grounds. Each libellant claims damages for the prospective loss of wages for 3 trips.

These same libellants brought a libel in this Court against the Luckenbach Steamship Company, Agent for the Lynchburg Victory, and others seeking to recover the same damages herein alleged. Recovery in that action was denied, Hayes v. Luckenbach S. S. Co., D.C., 92 F.Supp. 684. In Cusumano v. The Curlew, 105 F.Supp. 428, Judge Ford of this Court held, citing the case of Borcich v. Ancich, 9 Cir., 191 F. 2d 392, that there was no right on the part of the owners of a vessel to recover as damages loss of earnings of the master and crew who were not part owners of the vessel. It would thus appear that in the instant case the libellees did not and could not recover from the owners of the Lynchburg Victory damages suffered by these libellants by reason of the loss of earnings due to the collision. The sole right of these libellants is one in contract. In this case the voyage ended before it began, hence there were no earnings in which they might participate.

The exceptions to the libel are sustained.