Petition of CLIPPER FISHING CORPO-
RATION, INC., as owner of THE Fish-
ing Vessel CLIPPER, for Exoneration
from or Limitation of Liability.

Petition of Nils RISDAL et al., as owners
of THE Fishing Vessel EUNICE-LIL-
LIAN for Exoneration from or Limita-
tion of Liability.

Nos. 59–7–C, 59–27–C.

United States District Court
D. Massachusetts.

June 7, 1961.

No. 59–7–C:

Arthur J. Santry, Boston, Mass., Ed-
ward F. Harrington, New Bedford, Mass.,
for plaintiff.

Joseph F. Dolan, Boston, Mass., for
defendant.

Harry Kisloff, Boston, Mass., for claim-
ants Erik Maksimovs, Edward Dirikis,
Romeo J. Tremblay, Arvids Klavis, Doug-
las Stevens, Laimans Rudgitis, Jamis
Stendz and Edward J. Belong, Crew
Members of the FV Clipper.

No. 59–27–C:

Joseph F. Dolan, Boston, Mass., for
plaintiff.

Harry Kisloff, Boston, for claimants
Erik Maksimovs and others, Crew mem-
bers of the FV Clipper.

Edward F. Harrington, New Bedford,
Mass., co-counsel for defendant.

CAFFREY, District Judge.

The above two cases are petitions by
the respective owners of the Fishing
Vessel Clipper and the Fishing Vessel
Eunice-Lillian for exoneration from or
limitation of liability. The actions arise
out of a collision between the two vessels
on the high seas, on June 12, 1958, as a
result of which the Eunice-Lillian sank.

Subsequent to the filing of these ac-
tions, proctors for the various parties
have adjusted their respective differenc-
es, with the exception of a group of
claims brought by Erik Maksimov, Ed-
ward Dirikis, Romeo J. Tremblay, Arvids
Klavis, Douglas Stevens, Laimans Rud-
gitis, Janis Stendz, and Edward J. Be-
long, crew members of the Clipper.
These claims are set forth by the proc-
tor for the claimants as follows:

"That the said fishing vessel Clip-
per was bound on a voyage on June
12, 1958 to the fishing grounds and
was in collision with the fishing ves-
sel Eunice-Lillian, as a result of
which the fishing vessel Clipper was
damaged and their fishing trip was
disrupted, resulting in a loss of a
fishing trip to them in the amount of
approximately Two Hundred and
Fifty Dollars ($250.00) each. The
said loss was occasioned in whole or
in part due to personal faults upon
the part of the petitioners and those
charged with the duty of maintain-
ing the vessel in a seaworthy condi-
tion and charged with the duty of
navigating the said vessel."

The petitioner in each of these causes
has filed a motion to dismiss the claims
and answers of the eight named crew
members of the Fishing Vessel Clipper,
the motion being based upon the grounds

**828**

that "the same do not state a cause of action in either cause."

The facts of the instant cases line up squarely with the facts before Judge Aldrich in the case of Casado v. Schooner Pilgrim, Inc., D.C.D.Mass., 171 F.Supp. 78 and for that reason the motion to dismiss herein must be granted on the basis of the authority and reasoning of the Casado decision. I subscribe to the principle succinctly stated by Judge Aldrich (at page 80) that, "the fundamental principles of liability should be the same, whether employees are fishermen, or factory men."

The motion to dismiss is allowed in each case.