# ROBINS DRY DOCK & REPAIR COMPANY *v.* FLINT ET AL.

## CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 102.   Argued December 1, 1927.—Decided December 12, 1927.

The owners of a vessel, remaining in their possession while time-chartered to the plaintiffs, docked her with the defendant under a provision of the charter for docking every six months and suspension of payment of hire by the plaintiffs until she was again ready for service. Defendant injured the vessel by negligence, causing delay, repaired her, settled with the owners and received a release of all their claims. Defendant had no notice of the charter until

the delay had begun. *Held,* that plaintiffs had no cause of action against the defendant for the loss of use of the vessel caused by the negligence, since,

(1) The docking contract between the owners and defendant was not for the plaintiffs' direct benefit. P. 307.

(2) No right of recovery could be based upon the ground that plaintiffs had a property interest in or right *in rem* against the ship. P. 308.

(3) A tort to the person or property of one man does not make the tortfeasor liable to another merely because the injured person was under a contract with that other, unknown to the doer of the wrong. P. 309.

(4) Plaintiffs, having no claim against the defendant in contract or in tort, could gain no standing on the theory that the owners, in addition to their own damages, might have recovered those of the plaintiffs, on the analogy of bailees, who, if allowed to recover full value, are chargeable over. P. 310.

13 F. (2d) 3, reversed.

CERTIORARI, 273 U. S. 679, to a decree of the Circuit Court of Appeals affirming a recovery of damages in the District Court, in a suit in admiralty brought by the respondents against the petitioner.

*Mr. James K. Symmers,* with whom *Mr. John C. Crawley* was on the brief, for petitioner.

The respondents have no cause of action upon the repair contract between the petitioner and the shipowners. *German Ins. Co.* v. *Home Water Co.,* 226 U. S. 220; *Nat. Bank* v. *Grand Lodge,* 98 U. S. 123; *Penna. Steel Co.* v. *Ry. Co.,* 198 Fed. 721.

The respondents had no property in the ship. *Leary* v. *U. S.,* 14 Wall. 607; *New Orleans, etc. Co.* v. *U. S.,* 239 U. S. 202; *Elliott Tug Co.* v. *Shipping Controller,* 1 K. B. 127; *Federated Coal Co.* v. *The King,* 2 K. B. 42; *Osaka Shosen Kaisha* v. *Lumber Co.,* 260 U. S. 490.

The injury to the ship was not a tort as to the respondents. *Savings Bank* v. *Ward,* 100 U. S. 195; *MacPherson* v. *Buick Co.,* 217 N. Y. 382; *The Federal No. 2,* 21 F. (2d) 313; *Dale* v. *Grant,* 34 N. J. L. 142; *Milton* v. *Story,* 11 Vt. 101; *Brink* v. *Ry. Co.* 160 Mo. 87; *Byrd* v. *English,* 117

Ga. 192; *Elliott Co.* v. *The Shipping Controller,* 1 K. B. 127; Pollock on Torts, 11th Ed. p. 556; *Simpson* v. *Thomson,* 3 App. Cas. 279; *Cattle* v. *Stockton Co.,* 10 Q. B. 453; *Remorquage* v. *Bennetts,* 1 K. B. 243; *Earl* v. *Lubbock,* 1 K. B., 255.

The petitioner was not unconditionally liable to the shipowners for the full market value of the vessel's use for fourteen days. As a contractor, the petitioner was answerable to the shipowners for the ensuing detention only if such detention was reasonably to be apprehended as a probable result of the petitioner's breaking the propeller, at the time when the petitioner contracted to install it. *Hadley* v. *Baxendale,* 26 Eng. L. & Eq. 398; *Howard* v. *Stillwell,* 139 U. S. 199; *Weston* v. *Boston & M. R. Co.,* 190 Mass. 298.

Even assuming that the shipowners might have recovered from the petitioner an amount equal to the full market value of the vessel's use during the entire period of detention, and that the petitioner, through its participation in the settlement with the shipowners, rendered itself liable as a tortfeasor to the charterers, it seems clear that such liability to the charterers would not be enforceable in admiralty. *The Eclipse,* 135 U. S. 599; *Kellum* v. *Emerson,* 14 Fed. Cas. 7669; Cf. *The Clavevesk,* 264 Fed. 276.

The fact that the shipowners might in other circumstances have suffered the charterers' loss, does not prevent the latter's damages from being legally remote.

Mr. *Roscoe H. Hupper,* with whom Messrs. *H. Alan Dawson* and *William J. Dean* were on the brief, for respondents.

The damages are not speculative or remote, but were limited to the respondents' share of the market value of the use of the steamer. *The Potomac,* 105 U. S. 630; *The Conqueror,* 166 U. S. 110; Sedgwick on Damages, 9th ed. § 593.

By making payment to the owner the petitioner recognized its liability at least to the extent of the owner's share in the market value of the use (limited by the charter).

Recovery of loss from the owner was not successful, liability being denied on the ground that the owner performed its full duty under the charter by selecting a repair yard of good repute. *The Bjornefjord,* 271 Fed. 682.

The relation of the respondents was such as to support a recovery of damages based on their loss of use during the period of detention caused by the petitioner's negligence.

The contract for use of a vessel is property, just as is a contract for construction. *Brooks-Scanlon Corp.* v. *U. S.,* 265 U. S. 106.

The time-charterer's operations as receiver of cargo can also subject the ship to liens. *The Capitaine Faure,* 10 F. (2d) 950, certiorari denied, 271 U. S. 684.

The relation was such as to make them the carriers of such cargoes as should be loaded on the vessel. *The Centurion,* 57 Fed. 412; *Olsen* v. *U. S. Shipping Co.,* 213 Fed. 18.

Many decisions have allowed recovery by a time-charterer without basing the same on derivative right through the owner. *The Aquitania,* 279 Fed. 239; *The Beaver,* 219 Fed. 134; *Hines* v. *Sangstad S. S. Co.,* 266 Fed. 502; *The Santona,* 152 Fed. 516.

Recovery is proper on the ground that the respondents were beneficiaries of the shipowner's contract with the petitioner for dry docking and repairing the steamer. *Vrooman* v. *Turner,* 69 N. Y. 280; *Strong* v. *American Fence Co.,* 245 N. Y. 48; *Lawrence* v. *Fox,* 20 N. Y. 268; *Seaver* v. *Ransom,* 224 N. Y. 233. Distinguishing, *German Ins. Co.* v. *Home Co.,* 226 U. S. 220; *Johns* v. *Wilson,* 180 U. S. 440; *Nat. Bank* v. *Grand Lodge,* 98 U. S., 123.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a libel by time charterers of the steamship Bjornefjord against the Dry Dock Company to recover for the loss of use of the steamer between August 1 and August 15, 1917. The libellants recovered in both Courts below. 13 Fed. (2d) 3. A writ of certiorari was granted by this Court. 273 U. S. 679.

By the terms of the charter party the steamer was to be docked at least once in every six months, and payment of the hire was to be suspended until she was again in proper state for service. In accordance with these terms the vessel was delivered to the petitioner and docked, and while there the propeller was so injured by the petitioner's negligence that a new one had to be put in, thus causing the delay for which this suit is brought. The petitioner seems to have had no notice of the charter party until the delay had begun, but on August 10, 1917, was formally advised by the respondents that they should hold it liable. It settled with the owners on December 7 1917, and received a release of all their claims.

The present libel " in a cause of contract and damage " seems to have been brought in reliance upon an allegation that the contract for dry docking between the petitioner and the owners "was made for the benefit of the libellants and was incidental to the aforesaid charter party " &c. But it is plain, as stated by the Circuit Court of Appeals, that the libellants, respondents here, were not parties to that contract " or in any respect beneficiaries " and were not entitled to sue for a breach of it " even under the most liberal rules that permit third parties to sue on a contract made for their benefit." 13 F. (2d) 4. " Before a stranger can avail himself of the exceptional privilege of suing for a breach of an agreement, to which he is not a party, he must, at least show that it was intended for his direct benefit." *German Alliance Insurance Co.* v.

*Home Water Supply Co.*, 226 U. S. 220, 230. Although the respondents still somewhat faintly argue the contrary, this question seems to us to need no more words. But as the case has been discussed here and below without much regard to the pleadings we proceed to consider the other grounds upon which it has been thought that a recovery could be maintained.

The District Court allowed recovery on the ground that the respondents had a " property right " in the vessel, although it is not argued that there was a demise, and the owners remained in possession. This notion also is repudiated by the Circuit Court of Appeals and rightly. The question is whether the respondents have an interest protected by the law against unintended injuries inflicted upon the vessel by third persons who know nothing of the charter. If they have, it must be worked out through their contract relations with the owners, not on the postulate that they have a right *in rem* against the ship. *Leary* v. *United States*, 14 Wall. 607. *New Orleans-Belize Royal Mail & Central American Steamship Co.* v. *United States,* 239 U. S. 202.

Of course the contract of the petitioner with the owners imposed no immediate obligation upon the petitioner to third persons, as we already have said, and whether the petitioner performed it promptly or with negligent delay was the business of the owners and of nobody else. But as there was a tortious damage to a chattel it is sought to connect the claim of the respondents with that in some way. The damage was material to them only as it caused the delay in making the repairs, and that delay would be a wrong to no one except for the petitioner's contract with the owners. The injury to the propeller was no wrong to the respondents but only to those to whom it belonged. But suppose that the respondent's loss flowed directly from that source. Their loss arose only through their contract with the owners—and while intentionally to

bring about a breach of contract may give rise to a cause of action, *Angle* v. *Chicago, St. Paul, Minneapolis & Omaha Ry. Co.,* 151 U. S. 1, no authority need be cited to show that, as a general rule, at least, a tort to the person or property of one man does not make the tortfeasor liable to another merely because the injured person was under a contract with that other, unknown to the doer of the wrong. See *Savings Bank* v. *Ward,* 100 U. S. 195. The law does not spread its protection so far. A good statement, applicable here, will be found in *Elliott Steam Tug Co., Ltd.* v. *The Shipping Controller,* [1922] 1 K. B. 127, 139, 140. *Byrd* v. *English,* 117 Ga. 192. *The Federal No. 2,* 21 F. (2d) 313.

The decision of the Circuit Court of Appeals seems to have been influenced by the consideration that if the whole loss occasioned by keeping a vessel out of use were recovered and divided a part would go to the respondents. It seems to have been thought that perhaps the whole might have been recovered by the owners, that in that event the owners would have been trustees for the respondents to the extent of the respondents' share, and that no injustice would be done to allow the respondents to recover their share by direct suit. But justice does not permit that the petitioner be charged with the full value of the loss of use unless there is some one who has a claim to it as against the petitioner. The respondents have no claim either in contract or in tort, and they cannot get a standing by the suggestion that if some one else had recovered it he would have been bound to pay over a part by reason of his personal relations with the respondents. The whole notion of such a recovery is based on the supposed analogy of bailees who if allowed to recover the whole are chargeable over, on what has been thought to be a misunderstanding of the old law that the bailees alone could sue for a conversion and were answerable over for the chattel to their bailor. Whether this view be historically correct or not there is no analogy to

the present case when the owner recovers upon a contract for damage and delay. *The Winkfield,* [1902] P. 42. *Brewster* v. *Warner,* 136 Mass. 57, 59.

*Decree reversed.*