William Joseph HANLON, Jr., Plaintiff-Appellant,

v.

WATERMAN STEAMSHIP CORPORATION, Defendant-Respondent.

No. 191, Docket 25363.

United States Court of Appeals Second Circuit.

Argued March 5, 1959.

Decided April 2, 1959.

Jacob Rassner, New York City, for plaintiff-appellant.

Joseph M. Costello, New York City (Hanrahan & Costello, New York City, on the brief), for defendant-respondent.

Before MEDINA and HINCKS, Circuit Judges, and MATHES, District Judge.*

PER CURIAM.

■ It was not contested below, nor is it upon this appeal, that the United States owned and operated the S. S. Bucyrus Victory, upon which the alleged assault upon the plaintiff seaman by a fellow seaman took place. The defendant was not an operating agent of the United States; its only connection with the vessel arose from its general agency contract with the United States which required [Article 3(d)] that "[t]he General Agent shall procure and make available to the Master for engagement by him the officers and men required to fill the complement of the vessel (i. e., the Bucyrus Victory)." Since the defendant was not the owner, clearly it was not liable under a Jones Act, 46 U.S.C.A. § 688, claim. Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692. And this holding is equally conclusive against the plaintiff on his second and third causes of action (negligence in providing medical aid and maintenance and cure, respectively) which lie only against an owner.

■ On appeal, however, the plaintiff argues that its first cause of action also states a common law claim in that the defendant was negligent in the discharge of its contractual obligation to provide suitable seamen for engagement by the Master. But in this case, the defendant was acting under the General Agency Contract with the United States, as indeed the complaint expressly alleges. For harm so caused a third person such as the plaintiff, the United States as principal would be liable. And under the Suits in Admiralty Act, 46 U.S.C.A. § 745, it is provided: "Where a remedy is provided by this chapter it shall hereafter be exclusive of any other action by reason of the same subject matter against the agent * * * whose act or omission gave rise to the claim." Williams v. United States, 4 Cir., 228 F.2d 129, 132–133, certiorari denied 351 U.S. 986, 76 S.Ct. 1054, 100 L.Ed. 1499; Atlantic Coast Line R. Co. v. Agwilines, Inc., 5 Cir., 195 F.2d 459; Richardson v. American President Lines, D.C.S.D.N.Y., 144 F.Supp. 641; Arnold v. Luckenbach S.S. Co., D.C.S.D.N.Y., 162 F.Supp. 58.

■ Brady v. Roosevelt Steamship Co., 317 U.S. 575, 63 S.Ct. 425, 87 L.Ed. 471, relied on by the plaintiff, was decided seven years before the quoted language was added to the statute by the amendment of December 13, 1950, 64 Stat. 1112. And for the suggestion that the plaintiff, as a third-party beneficiary, had a claim for breach by the defendant of the General Agency Contract, we find no support at all. Robins Dry Dock & Repair Co. v. Flint, 275 U.S. 303, 48 S. Ct. 134, 72 L.Ed. 290; 5 Corbin on Contracts § 776.

Affirmed.

* United States District Judge for the Southern District of California, sitting by designation.