**UNITED STATES of America, as charterer, insurer and underwriter, and Socony-Vacuum Oil Company, Incorporated, as owner of The SS MOBILGAS, Libelants,**

v.

**PANAMA TRANSPORT COMPANY, and The M/V ESSO BALBOA, her engines, tackle, apparel, etc., Respondents.**

United States District Court
S. D. New York.

April 3, 1959.

———◆———

Arthur H. Christy, Acting U. S. Atty., New York City, for libelants, Benjamin H. Berman, Atty. in Charge, Admiralty & Shipping Section, Dept. of Justice, New York City, Gilbert S. Fleischer, Atty., Admiralty & Shipping Section, Dept. of Justice, New York City, of counsel.

Kirlin, Campbell & Keating, New York City, for respondents, Raymond T. Greene, Daniel T. Sweeney, Stephen J. Buckley, New York City, of counsel.

LEVET, District Judge.

This involves a motion for a final decree by the proctors for the libellants, United States of America and Socony-Vacuum Oil Company, Incorporated. In the interlocutory decree herein, M/V Esso Balboa was held to be solely at fault in the collision on which these proceedings were based. (See D.C., 155 F.Supp. 699.) This determination was affirmed in the Second Circuit. (See 253 F.2d 758.)

The parties have subsequently agreed on a settlement of the hull damage, which has been paid, but a difference now exists with respect to liability for claims for loss of use or detention of the SS Mobilgas. Although by the interlocutory decree the question of damages was referred to a commissioner, the question now arising, possibly having distinct legal connotations not theretofore appearing, led the court to assume the direct determination of the present issue. Consequently, the court, after certain stipulations had been made, as hereinafter referred to, held a hearing, took the evidence, including testimony and exhibits submitted, considered the briefs of the parties, and hereby finds as follows:

Findings of Fact

1.  As heretofore found, the M/V Esso Balboa was solely responsible for the collision between the SS Mobilgas and M/V Esso Balboa on September 19, 1944.

2.  On or about April 29, 1942, Socony-Vacuum Oil Company, Incorporated, as owner of the SS Mobilgas, entered into a time charter on said vessel with the United States of America acting by and through the War Shipping Administration.

3.  At a subsequent date and effective on June 29, 1942, an amended time charter was executed. (See Libellants' Exhibits 8 and 9.)

4.  Clause 4, Part II of this charter as amended contained the following provisions:

"In the event that the Vessel is detained because of the happening of any event caused or contributed to by another vessel, person, corporation, or others, for which detention such third parties are or may be liable (the period of such detention to include the time necessary to proceed to, survey, and effect repairs unaccomplished upon the date of redelivery of the Vessel under this Charter), then for such period of detention the Charterer's obligation to the Owner for hire and for other sums otherwise accruing hereunder shall cease: *Provided, however,* That the Charterer shall indemnity [sic] and save the Owner harmless from any loss whatsoever by reason of the cessation of such obligations, and notwithstanding said cessation shall pay to the Owner a sum not less than the amount which would otherwise be payable to the Owner for such obligations in the same manner and to the same extent as if such cessation had not occurred, but on performance of this indemnity the Charterer shall immediately become subrogated, to the

extent of such indemnity, to all rights whatsoever of the Owner to recover for such detention from or against such vessel, person, corporation, or others, and the Charterer shall be entitled to bring and maintain suit or suits thereon in its own name or in the name of the Owner as the Charterer may see fit: *Provided, however,* That on the written request of the Charterer, the Owner shall in each instance, assert and prosecute such claims in the name of the Owner, but for and on behalf of the Charterer and at the Charterer's expense, such claims to be in a sum not less than the amount of the indemnity paid by the Charterer."

5. The parties at the original trial on May 15, 1957, stipulated that the SS Mobilgas was out of service as a result of the subject collision for the purposes of taking on fresh water, survey, tank cleaning, temporary repairs and permanent repairs, during the following periods of time:

"Mr. Fleischer: It is hereby stipulated and agreed that the Mobilgas was out of service as a result of the subject collision for purposes of taking on fresh water, survey, tank cleaning, temporary repairs and permanent repairs during the following periods of time as outlined in the port logs of the Mobilgas, which logs are in the possession of Socony-Vacuum Oil Company, Incorporated. At Finschhafen, New Guinea: from 9.34 a. m. on September 19, 1944 to 12.30 p. m. on September 25, 1944. Six days, two hours and 56 minutes.

"At Panama from 8.46 a. m. on October 26, 1944 to 9.45 a. m. on October 27, 1944. One day, 59 minutes.

"Then the next period relates to surveying the vessel and her repairs, and that was from 11.07 p. m. on November 9, 1944 to 9.00 a. m. January 26, 1945." (Record, May 15, 1957, pp. 10–11.)

6. The parties on the same date further stipulated as to the amounts paid by the United States of America to Socony-Vacuum Oil Company, Incorporated as indemnity for the periods during which the SS Mobilgas was out of service, as follows:

"It is further stipulated and agreed that the Government indemnified Socony-Vacuum Oil Company, Incorporated for these periods during which the Mobilgas was out of service in the sum of $130,484.70, less savings of $7,120.55, for a net amount of $123,364.15 under the provisions of clause 4, part 2, of the time charter of the Mobilgas, now Exhibit U. S. No. 9, for which claim the Government was subrogated and brings suit therefor in the case bearing Admiralty No. A. 146–265." (Record, May 15, 1957, p. 11.)

7. On February 27, 1959, the proctors for the Panama Transport Company stipulated that "no question will be raised with respect to the time of loss of use nor the value of the loss of use." (SM 2–3.)

8. In my opinion, the payments to Socony-Vacuum Oil Company, Incorporated, reflected in Respondents' Exhibits A, B, C and D, constituted "indemnity" under Clause 4, Part II of the amended time charter. Under this clause, the United States of America was in any event obligated to pay Socony-Vacuum Oil Company, Incorporated "a sum not less than the amount which would otherwise be payable * * * for such obligations in the same manner and to the same extent as if such cessation [of the time charter] had not occurred * *."

9. Pursuant to the terms of the charter and by compliance therewith, the United States of America became subrogated to all rights of the owner to recover for the detention of the vessel and was authorized to bring and maintain a suit or suits thereon in its own name or in the name of the owner as the said charterer might see fit.

10. Hence, the United States of America is entitled to recover the amount

stipulated, to wit, $123,364.15, with interest thereon as previously determined.

### Discussion

There is no doubt that Socony-Vacuum Oil Company, Incorporated, as owner of the SS Mobilgas, was entitled to damages because of the detention of the ship as a result of the collision. See Brooklyn Eastern District Terminal v. United States, 1932, 287 U.S. 170, 53 S.Ct. 103, 77 L.Ed. 240. Such damages may be measured by the loss of charter hire during the detention period. The Yaye Maru, 4 Cir., 1921, 274 F. 195, 200, certiorari denied 257 U.S. 638, 42 S.Ct. 50, 66 L.Ed. 410.

The charter in Clause 4, Part II in effect provides:

1. That in the event the vessel is detained because of the happening of any event caused by another vessel, for which detention such third parties are liable, the charterer's obligation to the owner for hire shall cease.

2. That the charterer shall indemnify the owner for any loss whatsoever by reason of the cessation of such obligations and notwithstanding said cessation shall pay the owner a sum at least equivalent to that payable if no cessation had occurred; and

3. Upon performance of this indemnity, the charterer shall immediately become subrogated to all rights of the owner to recover for such detention, etc.

The SS Mobilgas was detained because of the happening of an event, the collision, caused by the M/V Esso Balboa; the charterer performed the indemnity and thereby immediately became subrogated to the extent of the indemnity, which was $130,484.70, less the allowance of $7,120.55 saving, or a net amount of $123,364.15 against Panama Transport Company and the M/V Esso Balboa.

The policy involved in subrogation agreements such as the one here involved, have been approved by the United States Supreme Court. Luckenbach v. W. J. McCahan Sugar Refining Co., 1918, 248 U.S. 139, 148, 39 S.Ct. 53, 63 L.Ed. 170.

The cases of Robins Dry Dock & Repair Co. v. Flint, 1927, 275 U.S. 303, 48 S.Ct. 134, 72 L.Ed. 290 and Agwilines, Inc. v. Eagle Oil & Shipping Co., 2 Cir., 1946, 153 F.2d 869 are not applicable here.

The facts in the present case appear to be substantially the same as those in M & J Tracy Inc. v. The Rowen Card, D.C.E.D.N.Y.1953, 116 F.Supp. 516. I am forced to come to the same conclusion.

In Finding of Fact No. 3 of the original decision herein, this court held that libelant, United States of America, has paid certain sums of money to libelant, Socony-Vacuum Oil Company, Incorporated, under its contract of insurance and has become subrogated to and has succeeded to and acquired pro tanto the rights of the assured, Socony-Vacuum Oil Company, Incorporated, against the M/V Esso Balboa and Panama Transport Company by reason of the collision here involved.

In the interlocutory decree, dated August 23, 1957, the subrogation was again referred to. In decreeing that the United States of America recover of and from the Panama Transport Company *"its damages"* sustained, etc., it recognized the fact of subrogation. Nothing revealed in this hearing alters the basic facts, but, rather more particularly, reinforces subrogation. To hold otherwise would be to fly clearly in the face of the facts.

### Conclusions of Law

1. The United States of America under the charter and amended charter covering the use of the SS Mobilgas is subrogated to all rights of the owner of the said ship against the Panama Transport Company for damages by reason of the collision occurring between the M/V Esso Balboa and the SS Mobilgas on September 19, 1944, as set forth in the libel herein.

2. By reason of the foregoing, the United States of America is entitled to recover of and from the Panama Transport Company the sum of $123,364.15 for detention of the SS Mobilgas in addition to the sums heretofore paid for all dam-

age by reason of the collision between the M/V Esso Balboa and the SS Mobilgas on September 19, 1944, with interest as heretofore determined and with costs as taxed.

Settle final decree upon notice in accordance herewith and in accordance with the original decision and determination of interest heretofore made.