VICKSBURG TOWING CO., a corporation, Plaintiff-Appellee,

v.

MISSISSIPPI MARINE TRANSPORT CO., a corporation, in personam, Defendant-Appellant,

Magnolia Marine Transport Co., Inc., a corporation, in personam, et al., Defendants.

No. 77–2939.

United States Court of Appeals, Fifth Circuit.

Jan. 4, 1980.

Lawrence D. Wade, Greenville, Miss., Patrick L. Burke, New Orleans, La., for defendant-appellant.

Philip Mansour, Stephen L. Thomas, Greenville, Miss., for plaintiff-appellee.

Before GODBOLD, HILL and POLITZ, Circuit Judges.

POLITZ, Circuit Judge.

Invoking admiralty jurisdiction plaintiff sued for loss of rentals resulting from damage to its barge unloading facility. The district court granted plaintiff's motion for summary judgment. Defendant claims this grant is inconsistent with the decision in *Robins Dry Dock & Repair Co. v. Flint,* 275 U.S. 303, 48 S.Ct. 134, 72 L.Ed. 290 (1927). We disagree with this contention and affirm.

The parties stipulated the essential facts and there is no controverted material fact.

Plaintiff-appellee owned a barge unloading facility on the river at Vicksburg, Mississippi, which it leased to The Merchants Company. A vessel owned by defendant-appellant, the M/V Dot Miller, was negligently operated by defendant's employees and it collided with and damaged the facility. Defendant settled all claims, costs and expenses of The Merchants Company and all subrogated claims of the insurer of the damaged premises, reserving to plaintiff any claim it had against defendant for loss of rental income.[1]

The lease agreement required the lessee to assume all responsibility for repairs to the demised premises during the term of the lease, with the understanding that insurance proceeds might be applied to the repair costs but that any insufficiency would remain the responsibility of the lessee. The lease agreement further provided that during the period of repairs the rental payments would be abated. During the time required for repairs a total of $8,400 of rentals accrued but were not paid. It is this sum for which judgment was granted.

Appellant insists that because appellee had contracted for the abatement of the rent during repairs, it does not now have a sufficient, protected property interest, citing Robins, supra. This contention does not survive careful analysis.

In Robins a time-charterer of a vessel sued the owner of a dry dock whose employees had negligently damaged the vessel, seeking recovery for damages suffered as a consequence of the unavailability of the vessel on the charter date. In an opinion penned by Justice Holmes the Supreme Court held that "as a general rule, . . . a tort to the person or property of one man does not make the tort-feasor liable to another merely because the injured person was under a contract with that other, unknown to the doer of the wrong." 275 U.S. at 309, 48 S.Ct. at 135, 72 L.Ed. at 292.

We have had occasion to follow and apply the rule enunciated in Robins, including instances in the immediate past. In Dick Meyers Towing Service, Inc. v. United States, 577 F.2d 1023 (5th Cir. 1978), we denied recovery to a tugboat operator for damages he claimed resulted from the defendants' negligence in building and operating a lock on a river. In Louisville and Nashville R. R. Co. v. M/V Bayou Lacombe, 597 F.2d 469 (5th Cir. 1979), we denied recovery to a railroad for damages resulting from interference with its use of a bridge which the railroad had a contractual right to use. The employees of the defendant had negligently damaged the bridge. The critical factor in the application of the Robins holding in each of these cases was "the character of the interest harmed."[2] We have been, in such instances, "reluctant to recognize claims based solely on harm to the interest in contractual relations or business expectancy."[3]

An examination of the instant salient facts leaves no doubt that the character of the appellee's interest harmed is quite different. Unlike the plaintiffs in Robins, Dick Meyers and Louisville and Nashville, the plaintiff here is the owner of the damaged property. It has an insurable interest. It has all of the elements of ownership which attach to a freehold interest, including the right of use, a thing of value. Appellant insists that there is no meaningful difference in the character of the interest in the present case and the interests of the plaintiffs in the cited trilogy. We disagree. The difference is meaningful, real and dispositive.

Appellant also contends that the plaintiff has contracted away its right to the rentals it seeks to recover. Appellant would urge the lease provision as a defense

---

1. There is nothing in the record reflecting that the payment made by defendant included any sum for loss of the use of the facility. We therefore assume that none was involved with the certain knowledge that if this assumption is in error we shall be told in resounding tones on application for rehearing.

2. Dick Meyers, 577 F.2d at 1025; Louisville and Nashville, 597 F.2d at 473.

3. Dick Meyers, supra, at 1025.

to its accountability for the negligence of its employees. Because the lease provides that the rent abates during the repair period the appellant insists that the plaintiff has suffered no loss from the actionable negligence. We find this argument untenable and reject it.

 We are cognizant of the concept of the *stipulation pour autri,* the third party beneficiary contract, but are convinced beyond peradventure of a doubt that it has no application here. The tortfeasor here may not take advantage of a contractual agreement between the owner and tenant and thereby relieve itself of the obligation to make the owner whole for the damage negligently caused to the owner's property. The reasons for the rental abatement provision may be myriad. But whatever the reason, that provision does not furnish a shield to a tortfeasor who played no part in its confection and gave no consideration for it.[4]

The district court was eminently correct in granting the plaintiff's motion for summary judgment and is

AFFIRMED.

JAMES C. HILL, Circuit Judge, concurring specially.

The terms of the release taken by appellant from The Merchants Company adequately showed that appellant had actual knowledge of the loss suffered by appellee and that such loss was not satisfied by payment to The Merchants Company. I concur in the result.

---

4. One is reminded of the delightful children's tale, *The Little Red Hen and the Grain of Wheat,* as retold by Veronica S. Hutchinson, of the several barnyard animals who were most willing to help eat the bread after exclaiming "NOT I" to suggestions they assist in its making.