577 F.Supp. 890 (1984)
In the Matter of WILLIAMSON LEASING COMPANY, INC., Owner, and American Barge Company, Inc., as Charterer of the M/V NORTHERN KING, in a cause for exoneration from and/or limitation of liability.
No. 83-2062C(A).
United States District Court, E.D. Missouri, E.D.
January 11, 1984.
*891 Raymond L. Massey, Dan H. Ball, Harry W. Wellford, Jr., St. Louis, Mo., William E. O'Neil, John F. Fay, New Orleans, La., for plaintiffs.
Glenn E. Bradford, Granite City, Ill., Douglas P. Dowd, Elmer Price, John R. Halpern, St. Louis, Mo., for defendants.

MEMORANDUM AND ORDER
HARPER, District Judge.
This matter is before the Court on the motion of petitioners to dismiss claimants' class action (B.B. Pritchett, et al., employees of Norfolk & Western Railroad) for failure to state a claim upon which relief can be granted or, in the alternative, for a judgment on the pleadings.
Petitioners, Williamson Leasing Company, Inc., and American Barge Company, Inc., are, respectively, the owner and charterer of the barge M/V NORTHERN KING. The M/V NORTHERN KING was involved in a collision on the Mississippi River that caused damage and the eventual shutdown for a limited time of a railroad bridge at Hannibal, Missouri. Petitioners' motion is against claimants who seek lost wages and benefits for loss of employment occasioned by the alleged negligence of petitioners in causing the closing of the railroad bridge for ninety-one days.
The leading case in this area is Robins Dry Dock & Repair Co. v. Flint, 275 U.S. 303, 48 S.Ct. 134, 72 L.Ed. 290 (1927). In Robins, a time-charterer of a vessel complained of lost income due to time lost because of the negligence of the ship's repairer in servicing a vessel. The ship repairer had a contract with the vessel's owner, and not the charterer, for periodic servicing. The court denied recovery, stating at page 308-9, 48 S.Ct. at page 135
"* * * Their [the charterers'] loss arose only through their contract with the ownersand while intentionally to bring about a breach of contract may give rise to a cause of action (citation omitted), no authority need be cited to show that, as a general rule, at least, a tort to the person or property of one man does not make the tortfeasor liable to another merely because the injured person was under a contract with that other, unknown to the doer of the wrong (citation omitted). The law does not spread its protection so far."
An in-depth observation of the rule of Robins as it has developed over time can be found in Federal Commerce & Navigation Co. v. M/V Marathonian, 392 F.Supp. 908 (S.D.N.Y.1975). The following excerpt from the Restatement (Second) of Torts, § 766B, comment a, sums up the reasoning behind the rule and its current status:
"It seems more likely, however, that it is the character of the contract or prospective interest itself which has led the courts to refuse to give it protection against negligence. They apparently have been influenced by the extremely variable nature of such relations, the fear of an undue burden upon the defendant's freedom of action, the probable disproportion between the large damages which might be recovered and the extent of the defendant's fault, and perhaps in some cases the difficulty of determining whether the interference has in fact resulted from the negligent conduct. What the reason may be * * * there is as yet no liability for negligent interference with performance of a contract, or with a prospective contract relation." Also, at 392 F.Supp. 911, fn. 4.
Although no case law on this issue exists in the Eighth Circuit, there is ample precedent elsewhere, particularly in the Fifth Circuit, to suggest that Robins applies to these facts. The Fifth Circuit has adopted Robins as precedent for denying recovery in situations involving third party suits for negligent interference of a contractual relationship. See Akron Corp. v. M/T Cantigny, 706 F.2d 151 (5th Cir.1983) (owners of vessels complaining of negligence in the sinking of a vessel that blocked a ship channel); Louisville & Nashville Railroad Co. v. M/V Bayou La Combe, 597 F.2d 469 (5th Cir.1979) (non-owner of a railroad bridge could not recover for rerouting expenses *892 because they had insufficient proprietary interest in bridge); Dick Meyers Towing Service, Inc. v. United States, 577 F.2d 1023 (5th Cir.1978) (vessel owner claiming that negligence of dam builder and/or operator caused lock malfunction that eventually resulted in loss of business income); Kaiser Aluminum & Chemical Corporation v. Marshland Dredging Company, 455 F.2d 957 (5th Cir.1972) (suit by buyer of gas fuel against party who negligently punctured a high pressure pipeline owned by gas company). See also, Kingston Shipping Co., Inc. v. Roberts, 667 F.2d 34 (11th Cir.1982), where the Eleventh Circuit used the former Fifth Circuit case law as its governing body of precedent in denying recovery for negligence that caused a blocked ship channel. Finally, in Compania De Navigacion Porto Ronco, S.A. v. S/S American Oriole, 1976 AMC 433 (E.D.La.1975), the district court dismissed the motion of employees to intervene in an action for failure to state a claim. In that case, the employees sought lost wages because of damage done to their employer's sugar refinery caused by a vessel drifting downriver without power or crew.
The Second Circuit has also used Robins to preclude recovery in like situations. See Petition of Kinsman Transit Company, 388 F.2d 821 (2nd Cir.1968). The Fourth Circuit has distinguished Robins in Venore Transportation Co. v. M/V Struma, 583 F.2d 708 (4th Cir.1978), which involved a situation where a charterer sought damages from another vessel's owner for loss of use of the vessel because of a collision at sea. The distinguishing feature in that case was that there was no suspension in the payment of charter hire while the vessel was being repaired, unlike that in Robins. The court further held: "[N]or do we enlarge in any way the types of damages which have been traditionally recoverable, nor the offending vessel's obligation of recompense." And in a 1981 case the Fourth Circuit denied recovery for claims of indirect loss arising from the collision of a vessel with a bridge resulting in the subsequent closure of the bridge and delay of river traffic. In Re Marine Navigation Sulphur Carriers v. Lone Star Industries, Inc., 638 F.2d 700 (4th Cir.1981). In conclusion, there is no indication that the Supreme Court has moved away from the rule in Robins, nor that the courts have strayed from its application.
Claimants' action here is for unusual and extraordinary expenses for loss of employment due to the closing of the railroad bridge. Having no proprietary interest in the bridge itself, their claims are in essence for damages resulting from a negligent interference of a contractual relationship, i.e., their employment, and as such their complaint fails to state a claim upon which relief can be granted under the rule of Robins Dry Dock & Repair Co. v. Flint, supra.
Accordingly, the motion of petitioners, Williamson Leasing Co., Inc. and American Barge Company, Inc., to dismiss the class action claim of the claimant/employees for failure to state a cause of action is sustained.