**BOAT DIANNE LYNN, INC., Bartley McNeel, Ernest Dubeau, Mark Zabel, John Milton, II, Thomas M. Borden, and James E. Mathieson, Plaintiffs,**

v.

**C & N FISHING CORP., Defendant.**

Civ. No. 88–0049–P.

United States District Court,
D. Maine.

Jan. 27, 1989.

Leonard W. Langer, Thompson, McNaboe, Ashley & Bull, Portland, Maine, for plaintiff Boat Dianne Lynn, Inc.

Michael X. Savasuck, Marine Trade Center, Portland, Maine, Robert J. Giuffra, Dougherty, Ryan, Mahoney, Pellegrino, Giuffra & Zambito, New York City, for defendant C & N Fishing Corp.

GENE CARTER, Chief Judge.

### ORDER

At the final pretrial conference of counsel, the Court ordered the parties to submit additional briefing on two issues in the captioned matter. The Court ordered briefing on the proper application of jurisdictional rules to the adjudication of this case, with specific attention to whether Plaintiffs are entitled to a jury trial. The Court also ordered briefing on the individual Plaintiffs' ability to maintain a suit for loss of their interest in the catch of the vessel F/V DIANNE LYNN.

In its briefing pursuant to the Court's order, Defendant has withdrawn its objection to Plaintiffs' demand for a jury trial. Accordingly, the Court need not address this issue. In addition to the requested briefing, however, Plaintiff and Defendant have raised the question of whether state or federal law applies to the determination of statute of limitations and prejudgment interest issues. The Court addresses these remaining issues in turn.

### I. Individual plaintiffs' recovery for lost earnings

The individual Plaintiffs in this case, crewmembers of the F/V DIANNE LYNN, seek recovery for earnings lost during the period in which their vessel was undergoing repair as a result of the collision with the F/V VIRGINIA SURF. These crewmembers are commercial fishermen with no ownership interest in the vessel, who are paid a percentage of the wholesale proceeds of the catch. At issue is whether commercial fishermen can recover for earnings lost when their employer's vessel, in which they have no ownership interest, is removed from service as a result of a tortfeasor's negligence.

The United States Supreme Court opinion in *Robins Dry Dock v. Flint*, 275 U.S. 303, 48 S.Ct. 134, 72 L.Ed. 290 (1927), squarely governs this case. *Robins Dry Dock* establishes that a plaintiff may not recover for economic loss resulting from physical damage to property in which he has no ownership interest. *Id.* at 308–09, 48 S.Ct. at 135. Although *Robins Dry Dock* did not involve a collision between vessels, the breadth of the Supreme Court's decision encompasses the instant case:

> [A]s a general rule, at least, a tort to the person or property of one man does not make the tort-feasor liable to another merely because the injured person was under a contract with that other unknown to the doer of the wrong.

*Id.* at 309, 48 S.Ct. at 135.

While the Court of Appeals for the First Circuit has not addressed this issue, other federal district court cases within the First Circuit are directly on point. In *Casado v. Schooner Pilgrim, Inc.*, 171 F.Supp. 78 (D.Mass.1959), employees of a vessel damaged in a collision sued for wages lost while the vessel was in drydock for repairs. The *Casado* court rejected a request for lost profits that closely parallels the case at bar:

> I take this case as being simply one where employees at will on a vessel seek to show that negligent conduct directed towards the vessel has foreseeably, and

to that extent proximately, deprived them of a future opportunity to work, with resultant loss of income. In my opinion that gives them no cause of action.

171 F.Supp. at 79. The crewmembers were not permitted to recover "additional profits which might have been earned by others with no interest in the vessel, but incident to its operation." *Id.* at 80. *See also Cusumano v. The Curlew*, 105 F.Supp. 428, 433 (D.Mass.1952).

Plaintiff crewmembers point to Judge Gignoux' opinion in *Burgess v. M/V Tamano*, 370 F.Supp. 247 (D.Me.1973), in support of its claim for lost profits. *Burgess*, however, does not control the case at bar. In *Burgess*, commercial fishermen and clam-diggers were permitted to recover on a nuisance theory for oil spill damage to the public resources from which they draw their living. *Id.* at 250. The Court based its holding on the premise that pecuniary loss is recoverable "where the plaintiff has an established business making a commercial use of the public right with which the defendant interferes." *Id., citing* Prosser, Law of Torts, § 88 at 590 (4th ed.1971). In contrast, plaintiff crewmembers in the case at bar derived their profits from a contractual relationship with the operator of the vessel, and not through any proprietary or public interest in the vessel itself.

Finally, Plaintiff crewmembers argue that the *Robins Dry Dock* holding is a narrow one that has been distinguished on similar facts in both the Ninth and Eleventh Circuit Courts of Appeals. *Carbone v. Ursich*, 209 F.2d 178 (9th Cir.1953); *Miller Industries, Inc. v. Caterpillar Tractor Co.*, 733 F.2d 813, 820 (11th Cir.1984). Absent a similar distinction in the First Circuit, the Court declines to follow these cases. The Court therefore concludes that Plaintiff crewmembers may not recover damages for their potential loss of profits resulting from the vessel's incapacity.

### II. Statute of limitations and pre-judgment interest

The question concerning determination of the applicable statute of limitation is a substantive issue that is to be governed in this case by federal law. *But-*

*ler v. American Trawler Co.,* 707 F.Supp. 29 (D.Me.1989). Similarly, the issue of prejudgment interest is substantive in nature and is to be governed by federal law. *Id; see Hobart v. O'Brien,* 243 F.2d 735, 745 (1st Cir.), *cert denied,* 355 U.S. 830, 78 S.Ct. 42, 2 L.Ed.2d 42 (1957).

Accordingly, it is hereby ORDERED that Plaintiff crewmembers of the vessel F/V DIANNE LYNN may not recover damages for their potential loss of profits resulting from the vessel's incapacity under Count II of the Amended Complaint and Demand for Jury Trial, filed June 6, 1988, and Count I of the Complaint and Demand for Jury Trial filed December 27, 1988. Judgment is ENTERED for Defendant on these claims of the individual Plaintiffs. It is hereby further ORDERED that any issues concerning statutes of limitation and prejudgment interest are to be governed by the applicable federal law.