**AMERICAN RIVER TRANSP. CO., et al.**

v.

**M/V KAVO KALIAKRA, et al.**

Civ. A. No. 92–1103.

United States District Court,
E.D. Louisiana.

Aug. 31, 1995.

Andre J. Mouledoux, Georges M. Legrand, Charles Michael Parks, Hebert, Mouledoux & Bland, New Orleans, LA, for Amer. River Trans. Co., Tulane Fleeting.

Andre J. Mouledoux, Charles Michael Parks, Hebert, Mouledoux & Bland, New Orleans, LA, for New Orleans Shipyard, Inc., Archer Daniels Midland Co.

Ashton Robert O'Dwyer, Jr., Brandon E. Mary, Lemle & Kelleher, New Orleans, LA, Joseph Dwight Leblanc, III, Frilot, Partridge, Kohnke & Clements, L.C., New Orleans, LA, for United Kingdom Mut. Steamship Assurance Ass'n (Bermuda) Ltd.

Ashton Robert O'Dwyer, Jr., Lemle & Kelleher, New Orleans, LA, Andrew Struben deKlerk, Patrick J. McShane, Frilot, Partridge, Kohnke & Clements, L.C., New Orleans, LA, for Arosita Shipping Co., Ltd.

## ORDER

PORTEOUS, District Judge.

Defendants, Arosita Shipping Company, Ltd., Gromar Shipping Co., Limited and Gourdomichalis Maritime S.A., The M/V KAVO KALIAKRA, and The United Kingdom Mutual Steamship Assurance Association (Bermuda) Ltd., (hereinafter "defendants") seek a Motion to Dismiss Economic Damages Claims of Compass Condo Corporation (hereinafter "Compass"). Having considered the pleadings, the memoranda and the law, the Court denies the motion in part and grants the motion in part.

On March 30, 1992, the M/V KAVO KALIAKRA struck barges owned by American River Transportation Co. located on the Mississippi River. Compass had equipment and employees aboard the barges, and upon collision, Compass' equipment fell into the Mississippi River and numerous employees were injured. Compass seeks recovery of its lost equipment valued at $5,220.60 and economic damages in excess of $300,000. The economic damages sought stem from 1) a claim of lost profits, 2) loss of use of equipment and 3) an increase in the Longshoreman & Harbor Workers' Compensation Act (hereinafter "LHWCA") insurance premiums as a result of the injuries to Compass' employees.

Defendants argue that Compass does not have a proprietary interest in the barges which were struck and economic damages sought by Compass, the increased LHWCA premiums, were not caused by or closely associated with the property damages suffered by Compass on March 30, 1992.

To the contrary, Compass suggests that its increased LHWCA premiums are a direct loss resulting from the defendants' negligent injury to Compass' employees. Compass draws an analogy between section 933 of the LHWCA and the Trans–Alaska Pipeline Act for the proposition that Congress abrogated federal maritime law, including the holding of *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303, 48 S.Ct. 134, 72 L.Ed. 290 (1927). Compass argues that under the LHWCA an employer has the statutory authority to "stand in the shoes" of the employee against a negligent third party, thus an injury to the employee is an injury to the employer.

It is a well established principle of maritime law that there can be no recovery for economic loss absent physical injury to a proprietary interest. *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303, 48 S.Ct. 134, 72 L.Ed. 290 (1927). The Fifth Circuit has repeatedly upheld the necessity of physical damage to a proprietary interest in order to recover economic damages. *State of Louisiana, ex rel. Guste v. M/V Testbank*, 752 F.2d 1019, 1023–1024 (5th Cir.1985) (en

banc), *cert. denied,* 477 U.S. 903, 106 S.Ct. 3271, 91 L.Ed.2d 562 (1986); In *Kaiser Aluminum & Chemical Corp. v. Marshland Dredging Co., Inc.,* 455 F.2d 957 (5th Cir. 1972); In *Dick Meyers Towing Service, Inc. v. United States,* 577 F.2d 1023 (5th Cir. 1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); *Louisville & Nashville R.R. Co. v. M/V Bayou Lacombe,* 597 F.2d 469 (5th Cir.1979). Compass did in fact suffer physical damage in which it has a proprietary interest when its equipment fell into the Mississippi. Clearly *Robins* does not preclude Compass recovery of economic damages pertaining to its lost equipment. *See also Pennzoil Producing Co. v. Offshore Express, Inc.,* 943 F.2d 1465, 1473 (5th Cir. 1991) (Holding that *Robins* did not apply where claimant suffered physical damage to property in which it had a proprietary interest). Accordingly, Compass is entitled to recover for loss of profit and loss of use. Defendants' motion is **denied** with regard to economic damages sustained by the loss of Compass' equipment.

However, in *Akron Corp. v. M/T Cantigny,* 706 F.2d 151 (5th Cir.1983), the Fifth Circuit explained:

> *Robins* stands for the proposition that a party may not recover for economic losses not associated with physical damages. *Id.* The rule's purpose is to prevent limitless liability for negligence and the filing of law suits of a highly speculative nature.

*Id.* at 153. Compass has filed a claim for the increase in the premium charged to Compass for workers' compensation insurance in the amount of $112,400.00, future premiums in the amount of $212,890.00, and cost for posting additional security with Compass' workers' compensation insurer in the amount of $18,772.00. Compass argues that its increased premiums are a direct and proximate loss resulting from the defendants' negligent injury to Compass' employees.

■ Under *Testbank,* physical damage to a proprietary interest is a prerequisite to a

recovery for economic losses. The connexity between the property damages sustained and an increase in workers' compensation premiums is far too remote to be considered items recoverable under *Testbank.*[1] Not only are such claims too far removed from equipment damage, they are entirely too speculative. The speculative nature of an insurance premium increase is attributed to the variety and plethora of factors taken into consideration in adjusting the premium such as risk history, frequency of claims, past experience and the number of prior claims. Such claims are precisely the type *Robins* intended to avert.

Accordingly, defendants' Motion to Dismiss Economic Damages is hereby **denied** with regard to economic damages for the loss of equipment. Defendants' motion is hereby **granted** with regard to recovery of economic damages for increased premiums.

---

1. Compass' answers to defendants' Interrogatories regarding increased insurance premiums affirms the lack of causal connection:
   *Interrogatory Number 2:*
   Please explain how your alleged property damage resulting from the March 30, 1992 casualty caused an increase in your workers' compensation insurance.
   *Answer to Interrogatory Number 2:*
   It did not.