**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 8, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 02-41062
Summary Calendar

---

In Re:  In the Matter of the Complaint of BROWN WATER TOWING I,
INC., As Owner and BROWN WATER MARINE SERVICE, INC., as Bareboat
Charters, of the Brown Water V, Its Engines, Tackle, Etc.;
AMERICAN COMMERCIAL LINES, LLC, As Owner and AMERICAN COMMERCIAL
BARGE LINES, LLC, As Charterer, of the Barges NM-315, VLB-9182,
ACL-9933B, VLB-9173, for Exoneration from Limitation of Liability

- - - - - - - - - -

ROBERT A. FANDRICH; ET AL,

                                                    Plaintiffs,

202 BAYSIDE BAR & GRILL; A-1 TAXI;
A-1 LIMOUSINE; AMBERJACK'S BAR &
GRILL, INC.; CHARLIE ARMENDARIZ; ET AL,

                                          Plaintiffs-Appellants,

versus

BROWN WATER TOWING I, INC.,

                                             Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(B-02-CV-115)
--------------------

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Plaintiffs-Appellants comprise those plaintiffs in the subject case who complain of purely economic damages resulting from the allision of the vessels of Defendants-Appellees with a causeway linking Padre Island, Texas to the mainland. These Plaintiffs-Appellants ("Economic Damage Claimants") appeal the district court's grant of a motion for summary judgment filed by Defendants-Appellees ("Brown Water"), dismissing the claims of Economic Damage Claimants with prejudice. Applying our well-known de novo standard of review of a district court's grant of summary judgment, we affirm.

Having carefully reviewed the record on appeal, the appellate briefs of counsel, the Order of the district court granting summary judgment, and the law applicable to the undisputed facts of this case, we are satisfied that the Economic Damage Claimants cannot maintain an action for economic damages to their businesses on South Padre Island allegedly resulting from the partial collapse of the subject causeway following the allision. The assertions of the Economic Damage Claimants regarding the controlling effect of state law to the contrary notwithstanding, our precedent is firmly to the effect that parties who suffer non-contact, purely economic damages, resulting from an unintentional maritime tort like the one here at issue, cannot recover in the absence of physical damage to the property in which the claimants have an ownership interest. See Robins Drydock & Repair Co. v. Flint, 275 U.S. 303, 48 S. Ct.

2

134 (1927); <u>Louisiana Ex-Rel. Guste v. M/V TESTBANK</u>, 752 F.2d 1019 (5th Cir. 1985)(<u>en</u> <u>banc</u>).

For essentially the same reasons set forth by the district court in its comprehensive Order, the grant of summary judgment dismissing with prejudice all claims of the Economic Damage Claimants is

AFFIRMED.