United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 30, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

—————

No. 06-20334

—————

PEMENO SHIPPING CO., LTD.,

Plaintiff - Appellant,

versus

LOUIS DREYFUS CORPORATION; ET AL,

Defendants,

LOUIS DREYFUS CORPORATION,

Defendant - Appellee.

—————————————————

Appeal from the United States District Court
For the Southern District of Texas
No. 4:04-CV-2996

—————————————————

Before GARWOOD, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

In this admiralty suit, Pemeno Shipping Co., Ltd. ("Pemeno") appeals the district court's grant

of summary judgment in favor of Louis Dreyfus Corp. ("Dreyfus") on Pemeno's tort and contract

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims arising from a shipment of insect-infested wheat.

Pemeno is a shipping company that contracted with Bags Holding LLC ("Bags") on behalf of Verde Rocca Italiana LTD ("Verde Rocca") to ship a cargo of bulk milling wheat from Houston, Texas, to Tripoli, Libya. Bags had purchased the wheat from Dreyfus, a commodities dealer, and arranged for its ultimate sale and delivery to National Supply Corporation ("NASCO"), a food distribution organization owned by the government of Libya. Pursuant to the contract of carriage between Bags and Pemeno, Pemeno's designated vessel loaded the wheat from the Dreyfus grain elevator in the Port of Houston, where both the wheat and the ship's cargo holds were inspected and passed as free of insects. When the ship arrived in Libya a month later, however, the wheat was found to be infested with various live insects. The Libyan government prohibited the wheat from entering the country and placed Pemeno's ship under administrative detention. In exchange for the release of its ship from port, Pemeno provided NASCO with a letter of guarantee to cover all costs associated with the infested wheat, and NASCO transferred to Pemeno all documents of title to the wheat. Pemeno then left Lybia, fumigated the wheat at its own expense, and sold it through an intermediary to the Sudan.

Pemeno filed the instant admiralty suit in district court against Dreyfus, Bags, and Verde Rocca, among others, seeking damages for its ship's delay and for the costs associated with fumigating and selling the wheat. It asserts claims of negligence and strict liability in tort, breach of contract, breach of the Carriage of Goods by Sea Act, and contribution and indemnity from a Libyan court lawsuit pending against it. The district court granted summary judgment in favor of Dreyfus, and Pemeno appeals.

We review an order granting summary judgment de novo. *Wyatt v. Hunt Plywood Co., Inc.*,

297 F.3d 405, 408 (5th Cir. 2002). Summary judgment should be granted only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Wyatt*, 297 F.3d at 408-09.

We reject Pemeno's first argument that the district court misinterpreted the economic loss rule as barring its claims of negligence and strict product liability in tort. In admiralty, the economic loss rule "denie[s] a plaintiff recovery for economic loss if that loss resulted from physical damage to property in which he had no proprietary interest." *State of Louisiana v. M/V Testbank*, 752 F.2d 1019, 1022 (5th Cir. 1985) (en banc); *see also Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927). Though there are exceptions to the economic loss rule when one party subrogates or assigns its proprietary interests to another, Pemeno would not prevail under them. Even if Pemeno had a proprietary interest in the damaged wheat through assignment from NASCO, the economic loss rule also bars recovery where, as here, the only physical damage is to the property itself. *East River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 871 (1986). Thus, under either theory of the economic loss rule, Pemeno cannot recover purely economic damages against Dreyfus in admiralty tort.

In a case such as this, contract law provides the appropriate avenue for recovery of economic loss. *See id.* at 872-73 ("Contract law . . . is well suited to commercial controversies . . . because the parties may set the terms of their own agreements. . . . Since a commercial situation generally does not involve large disparities in bargaining power, . . . we see no reason to intrude into the parties' allocation of the risk."). The contract of carriage between Pemeno and Bags on behalf of Verde

-3-

Rocca pre-allocated the risk of insect infestation and the risk that Libya would not accept the wheat.[1] Pemeno's only possible avenue for recovery is through its contract with Bags on behalf of Verde Rocca.

Moreover, Pemeno's contractual remedies lie only with Bags on behalf of Verde Rocca. We reject Pemeno's contention that Dreyfus may be held contractually liable as the "shipper"of the wheat under the explicit terms of the Contract of Carriage and those additional terms supplied by the Carriage of Goods by Sea Act, former 46 U.S.C. App'x. § 1304(6). The bill of lading lists "Bags Holding GES, M.B.H. on behalf of : VR Verde Rocca Italiana LTD" as the shipper. Dreyfus is not mentioned on the bill of lading, and we do not look beyond the bill of lading to determine the identity of the shipper where, as here, the bill of lading is unambiguous. *See, e.g.*, *Lake City Stevedores, Inc. v. East West Shipping Agencies, Inc.*, 474 F.2d 1060, 1063 (5th Cir. 1973). Moreover, contrary to Pemeno's assertions otherwise, Dreyfus cannot be bound by definitions in a contract to which it was not a party. *See Interocean S.S. Corp. v. New Orleans Cold Storage & Warehouse Co.*, 865 F.2d 699, 703 (5th Cir. 1989); *United States v. Central Gulf Lines, Inc.*, 699 F.2d 243, 245 (5th Cir. 1983).

Finally, we reject Pemeno's appeal of the district court's dismissal without prejudice of its claim for contribution and indemnity for any judgment that might be rendered against it in Libya. Pemeno may refile its indemnity claim once there is a final judgment in a Libyan court. *See Hercules,*

---

[1] In its section on Demurrage and Computation of Laytime, the contract of carriage between Pemeno and Bags on Behalf of Verde Rocca provides:

> [I]f the cargo cannot be delivered or loaded by reason of act of Government, . . . termites, . . . Government Intervention, . . . Quarantines, . . . customs and/or constituted authorities or any cause beyond the control of the Supplier/Shippers affected voyage may be canceled by Charterers without liability on the part of either party.

*Inc. v. Stevens Shipping Co.*, 698 F.2d 726, 732 (5th Cir. 1983) ("[A] claim for indemnity arises only

after the party seeking indemnity is held liable.").

Accordingly, we AFFIRM the district court.