George Stanley PARKER, By and Through His Conservator, Wanda J. PARKER, Plaintiff,

v.

GULF CITY FISHERIES, INC., et al., Third Party Plaintiffs-Appellants,

v.

Thomas S. BLANKS, M.D., Third Party Defendant-Appellee.

No. 86–4175.

United States Court of Appeals, Fifth Circuit.

Oct. 29, 1986.

Stephanie M. Lawrence, McGlinchey, Stafford, Mintz, Cellini & Lang, Timothy F. Burr, New Orleans, La., Denton, Persons, Dornan & Bilbo, Donald C. Dornan, Biloxi, Miss., for third party plaintiffs-appellants.

Robert C. Galloway, James B. Galloway, Gulfport, Miss., for third party defendant-appellee.

Before BROWN, RUBIN, and GARWOOD, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

A doctor, while on dry land, gave advice to the wife of a patient concerning the condition and treatment of the patient while he was on a voyage as a seaman. We hold that a complaint asserting a claim against the doctor for a maritime tort, based on negligence, is cognizable within the admiralty jurisdiction.

## I.

George Parker, a ship's captain, was employed to conduct daily voyages to and from offshore platforms for periods of fourteen consecutive days with respites of seven days ashore. While aboard the M/V SEA SAVAGE on a regular tour of duty, Parker telephoned his wife from the ship on June 17. She noticed that he was confused, forgetful, and stuttering. These are sometimes manifestations of cerebrovascular disease, or its catastrophic complication, stroke. Two days later, she visited with

him during the ship's daily return to shore. Concerned by her husband's symptoms, Mrs. Parker consulted with his private physician, Dr. Thomas Blanks, twice over the next few days. She also reported her husband's illness to a representative of Gulf City, his employer.

Parker's tour of duty ended late on June 22, and he saw Dr. Blanks the next morning. After examining and testing Parker, Dr. Blanks sent him to the hospital for blood tests and then home. That afternoon, Parker suffered a massive stroke.

Parker sued Gulf City, alleging that it had failed to provide him with adequate medical attention. Gulf City, in turn, filed a third party complaint pursuant to Fed.R. Civ.P. 14(c) against Dr. Blanks, alleging that his negligence caused or aggravated the stroke suffered by Parker on June 23. Parker settled his suit with Gulf City, and the district court dismissed the third party complaint for lack of admiralty jurisdiction, but entered the dismissal with prejudice.

Gulf City contends that the district court should have assumed admiralty jurisdiction of its third party claim. It further argues that the dismissal, if proper, should have been entered without prejudice. Dr. Blanks concedes that the dismissal should have been without prejudice, but contends that the district court properly recognized its lack of subject matter jurisdiction.

## II.

Admiralty subject matter jurisdiction of an alleged tort depends on the maritime locality of the wrong coupled with some additional nexus between the wrong and traditional maritime activity.[1] In deciding the jurisdictional question, if "the factual findings regarding subject matter are intertwined with the merits," the standard for dismissal is strict.[2] Jurisdiction will be assumed unless the maritime basis for the claim is "immaterial or is wholly insubstantial and frivolous." [3]

Considering both the pleadings and the evidentiary materials that were weighed by the district court, we find that Gulf City has asserted a maritime claim. It contends that Dr. Blanks failed to provide adequate care when consulted by Mrs. Parker. Consequently, the argument continues, Mr. Parker's condition worsened while he was aboard the M/V SEA SAVAGE. Although Dr. Blanks' alleged negligence also caused injury to Parker while he was on land, admiralty jurisdiction exists at least for the part of the negligence whose impact occurred at sea.[4] While it may be difficult to distinguish the injury at sea from the injury on land, that "is a question of damages, not of jurisdiction." [5]

The factual findings regarding jurisdiction are intertwined with the merits in this case. Consequently, the district court should not have dismissed the claim unless it found that Gulf City has alleged an immaterial or frivolous claim. Conceivably, the trial court might find that Gulf City cannot adduce evidence sufficient to establish a maritime tort, and therefore grant summary judgment for appellees on the merits. That, however, can be decided only after the court assumes jurisdiction.[6]

Dr. Blanks contests maritime locality, contending that he engages in a strictly land-based practice and that he rendered his advice to Parker through Parker's wife and his treatment to Parker solely on land. We have long held that "so long as the place of the injury ... occurs upon navigable waters, the fact that the negligent act

1. *Executive Jet Aviation, Inc. v. City of Cleveland,* 409 U.S. 249, 268, 93 S.Ct. 493, 504, 34 L.Ed.2d 454 (1972).

2. *Clark v. Tarrant County, Texas,* 798 F.2d 736, 741 (5th Cir.1986) (citing *Bell v. Hood,* 327 U.S. 678, 682–83, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946)).

3. *Clark,* 798 F.2d at 742.

4. *Harville v. Johns–Manville Products Corp.,* 731 F.2d 775, 782–83 (11th Cir.1984).

5. *Harville,* 731 F.2d at 783.

6. *Bell,* 327 U.S. at 682, 66 S.Ct. at 776.

may have occurred on shore is of no relevance."[7]

Gulf City's complaint, together with the evidentiary materials considered by the district court, also satisfy the nexus requirement. This court has described the four factors that guide nexus analysis:[8] (a) the functions and roles of the parties,[9] (b) the types of vehicles and instrumentalities involved;[10] (c) the causation and type of injury,[11] and (d) traditional concepts of the role of admiralty law. Consideration of these four criteria indicates that a sufficient nexus exists in this case.

It is difficult to conceive of a tort more intimately related to maritime activities than causing illness to a seaman during the course of a voyage. The functions and roles of the parties are maritime. Although Dr. Blanks carries out his practice entirely on land and does not especially seek seamen as patients,[12] he knew that Parker was serving as a ship's captain, and he knew that Parker was at sea when he gave the medical advice. The sole vehicle involved was the M/V SEA SAVAGE, a ship.[13] While neither the causation nor the type of injury is particularly maritime in nature, the stress of a job may well contribute to the occurrence of a stroke. Moreover, in *Kelly*, we found jurisdiction when the injury—a gunshot wound—was no more maritime in nature.[14] Finally, as to the traditional concepts of the role of admiralty law, "[a]dmiralty has traditionally been concerned with furnishing remedies for those injured while traveling navigable waters."[15]

Dr. Blanks complains that a finding of admiralty jurisdiction would inject an element of fortuity into the jurisdictional calculus. He contends that land-based physicians whose patients happen to become ill while aboard ship should not have to concern themselves with admiralty law and that state tort law ought to set the sole standards for their conduct. We have previously recognized, however, that injuries to workers aboard ship fall within the admiralty jurisdiction even though similar injuries to their counterparts on shore do not.[16] Dr. Blanks knew he was treating a seaman who was aboard ship. That suffices.

For these reasons, we reverse the district court's order dismissing Gulf City's third party complaint and remand for trial on the merits.

7. *Sperry Rand Corp. v. Radio Corp. of America*, 618 F.2d 319, 321 (5th Cir.1980).

8. *Kelly v. Smith*, 485 F.2d 520, 525 (5th Cir. 1973), *cert. denied*, 416 U.S. 969, 94 S.Ct. 1991, 40 L.Ed.2d 558 (1974).

9. *Sohyde Drilling & Marine Co. v. Coastal States Gas Producing Co.*, 644 F.2d 1132, 1136 (5th Cir.), *cert. denied*, 454 U.S. 1081, 102 S.Ct. 635, 70 L.Ed.2d 615 (1981).

10. *Executive Jet*, 409 U.S. at 272, 93 S.Ct. at 506.

11. *Woessner v. Johns-Manville Sales Corp.*, 757 F.2d 634, 647 (5th Cir.1985).

12. *Woessner*, 757 F.2d at 643.

13. *King v. Universal Electric Construction*, 799 F.2d 1073, 1075 (5th Cir.1986) (per curiam); *Kelly*, 485 F.2d at 526.

