United States Court of Appeals,

Fifth Circuit.

No. 92-3943

Summary Calendar.

IMTT-GRETNA, Plaintiff,

v.

ROBERT E. LEE SS, etc., et al., Defendants.

BP NORTH AMERICA PETROLEUM, INC., Plaintiff-Appellant,

v.

The ROBERT E. LEE SS, her engines, tackle, apparel and furniture, in rem;  Waterman Steamship Corporation, et al., Defendants-Appellees,

and

Midland Enterprises, Inc., in personam, Third Party Defendant-Appellee.

June 25, 1993.

Appeal from the United States District Court For the Eastern District of Louisiana.

Before REYNALDO G. GARZA, SMITH and WIENER, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

BP North America Petroleum ("BP NAP"), the appellant, sued for economic damages because it was unable to use a leased berth due to a collision.  The district court granted summary judgment in favor of appellees SS Robert E. Lee ("SS Lee"), Waterman Steamship Corporation ("Waterman"), International Shipholding Corporation ("ISC") and Midland Enterprises, Inc. ("Midland").  Upon review, we affirm the summary judgment.

FACTS

On January 24, 1991, the SS Lee left New Orleans and proceeded upriver so that it could turn around in a wider area.  It collided with the International Matex Tank Terminal ("IMTT")-Gretna dock facility near the Mile 97 area of the Mississippi River as it was executing this U-turn on its way downriver.  The dock did not become fully operational for four months.  IMTT-Gretna sued the SS Lee and its owner and operator, Waterman and ISC.  The defendants in turn filed a third party claim

against Midland, the owner of the MV Gayle. The defendants claimed that the actions of the MV Gayle contributed to the collision. Midland cross-claimed against Waterman seeking indemnification and contribution.

That suit was combined with the instant claim of BP NAP, a lessee of part of the dock facilities. IMTT-Gretna eventually settled with the original defendants. The defendants all submitted motions for summary judgment against the remaining claim of BP NAP. The district court granted summary judgment in favor of the defendants due to BP NAP's lack of a proprietary interest. The district court further ruled that maritime law preempted any remaining state claim. The claims against all defendants, including third-party defendant Midland, were dismissed on October 7, 1992. BP NAP filed a timely appeal on November 2, 1992.

## ANALYSIS

### I. *Propriety Interest Necessary*

The district court correctly granted summary judgment in favor of defendants because of the appellant's lack of a proprietary interest. The long established requirement of ownership in order to validly claim against a tortfeasor in admiralty was clearly enunciated by Justice Holmes in *Robins Drydock & Repair Co. v. Flint,* 275 U.S. 303, 307-9, 48 S.Ct. 134, 134-5, 72 L.Ed. 290 (1927). A tortfeasor is liable only to the owner of the dock and he has no responsibility to a third party lessee. This policy was put in place to prevent numerous claims of economic damage from parties the tortfeasor did not know he owed any duty to. "[N]o authority need be cited to show that, as a general rule, at least, a tort to the person or property of one man does not make the tort-feasor liable to another merely because the injured person was under a contract with that other, unknown to the doer of the wrong." *Id.* at 309, 48 S.Ct. at 135. The SS Lee did not know of any contracts the owner, IMTT-Gretna, might have had. The dock owner was the only one who suffered any physical damage. The BP NAP claim is solely for economic damages due to its inability to use the berth it had leased from the owner.

The Fifth Circuit adhered to the Supreme Court ruling in its en banc opinion in *Louisiana ex rel. Guste v. M/V Testbank,* 752 F.2d 1019 (5th Cir.1985), *cert. denied,* 477 U.S. 903, 106 S.Ct.

3271, 91 L.Ed.2d 562 (1986). "This circuit has consistently refused to allow recovery for economic loss absent physical damage to a proprietary interest." *Id.* 752 F.2d at 1024. "In conclusion, having reexamined the history and central purpose of the doctrine of *Robins Dry Dock* as developed in this circuit, we remain committed to its teaching." *Id.,* 752 F.2d at 1032. This bright line rule serves as notice to non owners that they cannot claim damages in maritime collisions. "Denying recovery for pure economic losses is a pragmatic limitation on the doctrine of foreseeability, a limitation we find to be both workable and useful." *Id.*

The appellant, fully appreciating the roadblocks set by *Robins* and *Testbank,* argues at length that it has a proprietary interest in the dock. BB NAP argues that only their products were allowed in the pipelines they leased and that they had preferential docking rights at the damaged berth. The Fifth Circuit states that the requirements for proprietary interest are actual possession or control, responsibility for repair and responsibility for maintenance. *Texas Eastern Trans. v. McMoran Offshore Explor.,* 877 F.2d 1214, 1225 (5th Cir.), *cert. denied,* 493 U.S. 937, 110 S.Ct. 332, 107 L.Ed.2d 321 (1989). BP NAP fails to meet any of the criteria. It certainly did not own any of the property and IMTT-Gretna maintained the right to refuse BP NAP access to the leased pipelines if it felt that the liquids being pumped could be harmful to others or to the pipeline. The appellant's use of the dock and pipelines was valid only for the term of the lease. BP NAP did not have control of the property. It did not repair or had the responsibility to repair the damage. It did not station any employees at the dock so it clearly did not maintain the facility. The district court correctly found that no issue of proprietary interest existed that could have prevented the granting of summary judgment against BP NAP.

II. *Maritime Law Preempts State Cause of Action*

The appellant argues that they can still sue for economic damages in state court separate from admiralty law. We disagree. Maritime law must maintain its uniformity and it preempts state law when it is contradictory to maritime law's purpose. *J. Ray McDermott & Co., Inc. v. Vessel Morning Star,* 457 F.2d 815, 818 (5th Cir.) (en banc), *cert. denied,* 409 U.S. 948, 93 S.Ct. 271, 34 L.Ed.2d 218 (1972). The court stated:

> Although state law may occasionally be utilized to fill the gaps in an incomplete and less than perfect maritime system it cannot be employed to contravene an Act of Congress, to prejudice the characteristic features of the maritime law or to disrupt the harmony it strives to bring to international and interstate relations.

*Id.* 457 F.2d at 818. Maritime law specifically denies recovery to non proprietors for economic damages. To allow state law to supply a remedy when one is denied in admiralty would serve only to circumvent the maritime law's jurisdiction. The Fifth Circuit stated in *Testbank:*

> Indeed the federal interest in protecting maritime commerce is often best served by the establishment of uniform rules of conduct. The *Robins* rule has proved to be a workable and useful tool in our maritime jurisprudence. To permit recovery here on state law grounds would undermine the principles we seek to preserve today.

*Id.,* 752 F.2d at 1032. Therefore, state law does not supply an alternative remedy to BP NAP when its claim was already denied in its proper maritime jurisdiction.

## CONCLUSION

We find that there exists no triable issues that would invalidate summary judgment for the appellees. For the above stated reasons, we

AFFIRM.