999 F.2d 105
 1994 A.M.C. 856
 IMTT-GRETNA, Plaintiff,
v.
ROBERT E. LEE SS, Etc., et al., Defendants.
BP NORTH AMERICA PETROLEUM, INC., Plaintiff-Appellant,
v.
The ROBERT E. LEE SS, her engines, tackle, apparel and
furniture, in rem; Waterman Steamship
Corporation, et al., Defendants-Appellees,
and
Midland Enterprises, Inc., in personam, Third Party
Defendant-Appellee.
 No. 92-3943
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Aug. 16, 1993.
Rehearing Denied Aug. 16, 1993.
 Antonio J. Rodriguez, John Fitzgerald Billera, Rice, Fowler, Kingsmill, Vance, Flint & Booth, New Orleans, LA, for plaintiff-appellant BP North America Petroleum, Inc.
 Edward J. Koehl, Jr., Patrick J. Veters, Jones, Walker, Waechtec, Poitevent Carrere & Denegre, New Orleans, LA, for Robert E. Lee, et al.
 Hal Clayton Welch, E. John Heiser, Kenenth Klemm, Lemle & Kelleher, New Orleans, LA, for Midland Enterprises.
 Appeal from the United States District Court For the Eastern District of Louisiana.
 Partial Motion To Dismiss
 Before REYNALDO G. GARZA, SMITH and WIENER, Circuit Judges.
 PER CURIAM:
 
 
 1
 We previously ruled in the above case that the district court's summary judgment in favor of the appellees was in all respects proper. See IMTT-Gretna v. Robert E. Lee SS, 993 F.2d 1193 (5th Cir.1993). The appellant now contends that its state law claims somehow survived our prior ruling because we did not have jurisdiction to entertain them. Consequently, they seek a partial dismissal without prejudice as to the state law claims.
 
 
 2
 The appellant had brought suit alleging general maritime and state law tort claims. We held that the appellant's maritime claims were barred by the Robins Dry Dock doctrine, which precludes recovery for non-owners in maritime collisions. Further, we held that appellant's state law claims were preempted by general maritime law.
 
 
 3
 The appellant contends that the state law claim was an entirely separate suit from the general maritime claim and that the sole jurisdictional basis of the state law claim hinged upon diversity of the parties. The appellant now argues that the defendants are not entirely diverse and, thus, there was no independent ground of jurisdiction for the state law claim.
 
 
 4
 The appellant asserts that without an independent basis of jurisdiction, the court could only exercise supplemental jurisdiction over the state law claims. Further, the appellant argues that there was no proper exercise of supplemental jurisdiction in the present case.
 
 
 5
 Appellant's argument is unpersuasive. This case unmistakably arose out of one single incident--the collision of the SS Robert E. Lee with a barge moored on the Mississippi River. Because the accident occurred in navigable waters of the United States, the court below properly had jurisdiction over the entire matter by virtue of the general maritime claims.
 
 
 6
 If a claim based upon a maritime tort is asserted in a suit brought under the admiralty jurisdiction of the federal district courts, ... the fact that diversity jurisdiction also can be alleged as a basis of subject matter jurisdiction is of no moment. Moreover, both the procedural aspects and the substantive features of a maritime tort action under federal admiralty jurisdiction will be governed by federal law.
 
 
 7
 Charles A. Wright et al., Federal Practice and Procedure § 3676 (Supp.1993) (footnotes omitted); see also Parker v. Gulf City Fisheries, Inc., 803 F.2d 828, 829 (5th Cir.1993) (as with other questions of subject matter jurisdiction, if "the factual findings regarding subject matter jurisdiction are intertwined with the merits," jurisdiction will be assumed unless the maritime basis for the claim is "immaterial or is wholly insubstantial and frivolous").
 
 
 8
 In the case at bar, we have determined that the state law claims are preempted. We clearly had federal subject matter jurisdiction over the entire incident as a consequence of general maritime law. The maritime claims are certainly not frivolous or insignificant--they form the crux of the controversy. The presence or absence of diversity jurisdiction in the present case is irrelevant to our court's subject matter jurisdiction. Therefore, the appellant's attempt to obtain a second bite in a state forum will be
 
 DENIED.[1]
 
 
 [1]
 In a separate order today we also dismiss appellant's motion for rehearing