# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 22, 2013

No. 12-30780

Lyle W. Cayce
Clerk

In Re: BERTUCCI CONTRACTING COMPANY, L.L.C., as owners and/or owners of the M/V JULIE MARIE and owner pro hac vice of Barges GD 954 and GD 20102 for exoneration from or Limitation of Liability,

_____

BERTUCCI CONTRACTING COMPANY, L.L.C., as owners and/or owners of the M/V JULIE MARIE and owner pro hac vice of Barges GD 954 and GD 20102 for exoneration from or Limitation of Liability,

Petitioner - Appellee

v.

CAROL STEELE, both individually, and for and on behalf of all other persons similarly situated; RONALD STEELE; ROBIN PALMISANO; DONITA SCHLADWEILER; JERRY FAULKNER; ET AL,

Claimants - Appellants

Appeal from the United States District Court
for the Eastern District of Louisiana

Before DAVIS, GRAVES, and HIGGINSON, Circuit Judges.

JAMES E. GRAVES, JR., Circuit Judge:

This appeal arises out of a maritime accident in which a vessel owned by Bertucci Contracting Co. hit the Leo Kerner bridge in Louisiana. Appellants are residents of an affected community arguing that they suffered damages as a

No. 12-30780

result of the accident. The district court dismissed Appellants' claims, holding that recovery was barred by circuit precedent. We affirm.

## I. Factual and Procedural Background

On May 31, 2011, the vessel JULIE MARIE, owned by Bertucci Contracting Co., LLC ("Bertucci"), allided with the Leo Kerner Bridge ("the bridge"). The bridge, owned by the State of Louisiana, spans the Intracoastal Waterway in Louisiana and links the communities of Lafitte and Barataria. As a result of the accident, the bridge sustained damage that prevented its use by pedestrians and vehicles and was closed for several days for repairs

In June 2011, Bertucci filed a complaint-in-limitation under the Limitation of Liability Act, 46 U.S.C. §§ 30501 *et seq.,* concerning the accident in the Eastern District of Louisiana. Numerous claimants filed answers in Bertucci's limitation proceeding, including Appellants. Despite the district court's order that no claims relating to the accident be filed outside the limitation proceeding, Carol Steele filed a separate class action suit on behalf of residents of Barataria, seeking to recover damages resulting from the closure of the bridge. In their class action complaint, Appellants outlined their damages resulting from the bridge closure as including loss of use of property, loss of income and revenue due to restricted access to their homes and businesses, and damages due to inconvenience. The district court consolidated the class action proceeding with Bertucci's limitation proceeding.

Bertucci filed a motion to dismiss Appellants' claims pursuant to Federal Rule of Civil Procedure 12(b)(6). On April 18, 2012, the district court granted Bertucci's motion to dismiss Appellants' claims in both the limitation proceeding and in the class action. The district court held that in maritime negligence cases, recovery for economic damages is barred unless a plaintiff sustains physical damage to a proprietary interest, relying on *State of Louisiana ex rel Guste v. M/V TESTBANK*, 752 F.2d 1019 (5th Cir. 1985) (en banc). The district

No. 12-30780

court then found that Appellants had not stated facts that could plausibly state a claim for physical damage to any property they own, as required for recovery under the *Testbank* rule.  Appellants appeal the dismissal of their claims.

## II.  Discussion

Recovery by Appellants in this case is barred by Supreme Court and circuit precedent.  Our en banc opinion in *Testbank* reviewed and reaffirmed the "prevailing" maritime rule that "denie[s] a plaintiff recovery for economic loss if that loss resulted from physical damage to property in which he had no proprietary interest." 752 F.2d at 1022; *see Robins Dry Dock v. Flint*, 275 U.S. 303, 308-09 (1927).  Since *Testbank*, this court has consistently applied the rule limiting recovery in maritime cases to plaintiffs who sustain physical damage to a proprietary interest.  *See, e.g., In re Taira Lynn Marine Ltd. No. 5, LLC*, 444 F.3d 371, 377 (5th Cir. 2006); *Reserve Mooring Inc. v. Am. Commercial Barge Line, LLC*, 251 F.3d 1069, 1071 (5th Cir. 2001); *IMTT-Gretna v. Robert E. Lee SS*, 993 F.2d 1193, 1194 (5th Cir. 1993).  We have stated that "[i]t is unmistakable that the law of this circuit does not allow recovery of purely economic claims absent physical injury to a proprietary interest in a maritime negligence suit." *Taira Lynn*, 444 F.3d at 377.

Appellants argue that the *Testbank* rule should not bar recovery here because they are not maritime actors and have no connection to traditional maritime activity.  Appellants assert that their claims may be heard in federal court pursuant to maritime jurisdiction, but the substantive law that should apply is not the *Testbank* maritime rule, but Louisiana law.

Appellants' attempts to distinguish *Testbank* and its progeny are not persuasive.  Appellants put forth no principled distinction between themselves and similarly situated parties who have been consistently denied recovery under the *Testbank* rule.  Parties who have been denied recovery under this rule include lessees with contractual rights to use docks and bridges near the water

who lost use of that property due to a maritime tort, *see IMTT-Gretna*, 993 F.2d at 1194; *Louisville & Nashville R.R. Co. v. M/V BAYOU LACOMBE*, 597 F.2d 469, 474 (5th Cir. 1979), and local businesses engaged in a variety of commercial activities near the water who lost business and money due to a maritime tort that damaged a bridge, *Taira Lynn*, 444 F.3d at 378-79.  Yet Appellants argue that dozens of private property owners residing near a damaged bridge, who suffered no physical damage to their property, are different and can recover. Appellants essentially argue that because they are not engaged in any maritime activity, they are more remote than the parties denied recovery in cases like *Taira Lynn, IMTT-Gretna*, and *Testbank,* and are in fact so remote from the maritime accident and maritime activity that the *Testbank* limitation and established maritime principles should cease to apply. This distinction is antithetical to the *Testbank* rule's purpose to create "a pragmatic limitation . . . upon the tort doctrine of foreseeability."  *Testbank*, 752 F.2d at 1023.

Appellants' argument that recovery under state law is available even if maritime law bars recovery  is foreclosed by circuit precedent and by principles of maritime law.  We have clearly held that "state law does not supply an alternative remedy to [a claimant] when its claim was already denied in its proper maritime jurisdiction." *IMTT-Gretna*, 993 F.2d at 1195; *see Taira Lynn*, 444 F.3d at 380.  The claims at issue arise from an alleged tort by a vessel on a navigable waterway and are thus properly within the maritime jurisdiction of the federal courts. *See, e.g, Testbank*, 752 F.2d at 1031; *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 542-43 (1995).  "Maritime law specifically denies recovery to non proprietors for economic damages. To allow state law to supply a remedy when one is denied in admiralty would serve only to circumvent the maritime law's jurisdiction." *IMTT-Gretna*, 993 F.2d at 1195; *Taira Lynn*, 444 F.3d at 380.  Appellants' appeal to *Erie v. Tompkins*, 304 U.S. 64 (1938), is misplaced.  As the *Testbank* court explained, "While our maritime

decisions are informed by common law developments in the state courts, there is no requirement, as in diversity cases, that state law be adopted. Indeed the federal interest in protecting maritime commerce is often best served by the establishment of uniform rules of conduct . . . ." *Testbank*, 752 F.2d at 1032; *see IMTT-Gretna,* 993 F.2d at 1195.    Accepting Appellants' argument for an exception to the *Testbank* rule would subject a maritime tortfeasor on navigable waters to more extensive liability when a tort has economic effects in a state that allows for economic damages absent physical injury.  This is precisely the kind of non-uniformity that maritime law seeks to prevent.  *See Testbank*, 752 F.2d at 1031-32.

Appellants alternatively argue that even if *Testbank* is not distinguishable, the district court erred in dismissing their claims because some of the claimants might have suffered physical injuries.  In resolving this question, we accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig*., 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted).  However, as they recognize, to survive a Rule 12(b)(6) motion to dismiss, Appellants must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Appellants clearly have not met this standard.  While Appellants assert that the bridge damage and closing interfered with the use of their property, interference with access is not physical damage. *See Reserve Mooring*, 251 F.3d at 1071-72 (holding that a barge sinking and blocking a mooring facility was not physical damage).  On appeal, Appellants do not point to any facts that might plausibly state a claim for physical damages of any kind.  The only specific facts referenced on appeal concern Carol Steele's increased medical expenses resulting from the restricted access to her home.  The district court thus correctly dismissed the claims

because Appellants have alleged no facts, even if construed liberally, that plausibly state a claim for physical damages.

### III.  Conclusion

For the above-stated reasons, we AFFIRM the district court's dismissal of Appellants' claims in the limitation proceeding and in the class action.